

SCANNED at LSP and Emailed
3-31-2020 by DS . 18 pages
date      initials  No.

# A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

RECEIVED
MAR 3 1 2020
Legal Programs Department

**KEITH THOMPSON #109223**
*Plaintiff's full name (first-middle-last)
and prison number*

CIVIL ACTION

NO.: _____

**VERSUS**

SECTION: _____

**EDWARD RUSS;**
**SHANNON DEMARS**
**CAPTAIN T. KELLY**
*Defendant(s) full name*

### Instructions for Filing Complaint by Prisoners
### Under the Civil Rights Act, 42 U.S.C. §1983.

This packet includes two copies of a complaint form and one copy of the pauper affidavit.

**IF YOU ARE A PARISH PRISONER**, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

**IF YOU ARE A D.O.C. PRISONER**, you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and the service address for <u>each</u> defendant no longer employed by the Department of Corrections.

<u>**All copies of the complaint must be identical to the original.**</u>

The names of <u>**all parties**</u> must be listed in the caption and in part III of the complaint <u>**exactly the same**</u>.
In order for this complaint to be filed, it must be accompanied by the filing fee of $ 400.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pay the filing fee and service costs for this action, you may petition the court to proceed in forma pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the

affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

**You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, DO NOT INCLUDE EXHIBITS.**

When you have completed these forms, e-mail the original and copies to the Clerk of the United States District Court for the Middle District of Louisiana.

I. **Previous Lawsuits**

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?    **Yes ( X ) No ( )**

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit
   Plaintiff(s): **KEITH THOMPSON**

   Defendant(s): **LOUISIANA STATE LAW INSTITUTE, ET AL**

2. Court (if federal court, name the district; if state court, name the parish):
   **NINETEENTH JUDICIAL DISTRICT COURT, EAST BATON ROUGE PARISH**
3. Docket number: **C-675371**

4. Name of judge to whom case was assigned: **HONORABLE JANICE CLARK**

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?):
   **DISMISSED**

6. Date of filing lawsuit: **OCTOBER 2018**

7. Date of disposition: **FEBRUARY 20, 2020**

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted? Yes( )No ( X )

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.
**N/A**

II. Place of present confinement: **LOUISIANA STATE PENITENTIARY @ ANGOLA, LOUISIANA**

A. Is there a prisoner grievance procedure in this institution? Yes ( X ) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

**Yes ( X ) No ( )**

C. If your answer is YES:

1. Identify the administrative grievance procedure number (s) in which the claims raised in this complaint were addressed. **ARP-LAP-2019-1135; D.B. APPEAL #LSP-2019-0144**

2. What steps did you take? **BOTH STEPS REQUIRED IN PROCEDURE**

3. What was the result? **ARP DENIED ON BOTH STEPS; DISCIPLINARY BOARD APPEAL   OVERDUE**

D. If your answer is NO, explain why not: _____**N/A**

III. **Parties**
(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s) **KEITH THOMPSON #109223**
Address **GENERAL DELIVERY, 17544 TUNICA TRACE; LOUISIANA STATE PENITENTIARY; ANGOLA, LOUISIANA 70712**

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant <u>EDWARD RUSS</u> is employed as <u>SECURITY CAPTAIN</u> at <u>LOUISIANA STATE PENITENTIARY.</u> Address for Service: <u>17544 TUNICA TRACE; ANGOLA, LA. 70712</u>

C. Additional Defendants: <u>T. KELLY</u> is employed as <u>SECURITY CAPTAIN</u> at <u>LOUISIANA STATE PENITENTIARY.</u> Address for Service: <u>17544 TUNICA TRACE; ANGOLA, LA. 70712</u>

D. Additional Defendants: <u>SHANNON DeMars</u> is employed as <u>ASSISTANT WARDEN</u> at <u>LOUISIANA STATE PENITENTIARY.</u> Address for Service: <u>17544 TUNICA TRACE; ANGOLA, LA. 70712</u>

## IV. Statement of Claim

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not given any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1. Capt. Edward Russ, Capt. T. Kelly, and Asst. Warden Shannon DeMars conspired to, and deliberately used unnecessary force against Keith Thompson (Mr. Thompson), to punish him for engaging in a protected activity. Twenty two grams of a chemical agent was sprayed into the face and mouth of Mr. Thompson, an asthmatic, while Thompson was in full restraining gear; (shackled feet & waist chains attached to hand-cuffs) and secured in a shower that have bars like a cell. This was done as punishment because Mr. Thompson filed several complaints against Warden DeMars when he was Administrator of Camp-C. This is an action to redress the deprivation by the defendants, of rights secured to Mr. Thompson by the Constitution and laws of the United States, and the State of Louisiana.

2. At a prior Disciplinary Hearing, a Plea Bargain was agreed on that Mr. Thompson would

be transferred to a single man cell <u>not at Camp-C.</u> This was done because Mr. Thompson feared retaliation against himself by Warden DeMars. Upon the transfer from the Main Prison Administrative Segregation to Camp-C, Mr. Thompson requested to be placed on Protective Custody. Defendants placed Mr. Thompson in a shower at Cell-Block Tiger 1 Left Tier, still wearing the full restraining gear transported in.

3. Defendant Russ went to the desk and made a brief phone call, then both defendants, Kelly and Russ came to the shower where Russ said Warden DeMars gave an order to use chemical agents if Mr. Thompson continued to refuse to enter the cell he had been reassigned to. After a final refusal defendant Russ sprayed twenty two grams of mace into the face and mouth of Mr. Thompson, while defendant Kelly recorded this on his body camera.

4. As a reaction to the macing, Mr. Thompson experienced the symptoms of an asthma attack, and requested his Albutoms In-haler. Eventually it was retrieved from Thompson's property, but it did not help, so Mr. Thompson requested medical attention. While waiting for the arrival of medical personnel, prisoner Edward Augustine gave Mr. Thompson a T-shirt to wipe some of the chemicals from his face.

5. Thereafter, EMT named B. Tucker arrived and evaluated Mr. Thompson and wrote a referral to have him transported to the prison Treatment Center, (Angola's Hospital). Plaintiff was then removed from the shower, still in full restraints, and taken to the Treatment Center. Mr. Thompson was then seen by Dr. Crook, and told him about the macing incident. Dr. Crook noted wheezing and shortness of breath and ordered medication to be administered with a nebulizer, as well as eye rinse.

6. Upon release from the Treatment Center, Mr. Thompson was not returned to Camp-C but transported to the Main Prison Complex's Administrative Segregation Cell Block. After continued suffering daily difficulties, and abnormal breathing, Mr. Thompson was eventually admitted to the Hospital Ward for continued direct nurses care from May 10, 2019, until May 16, 2019.

7. In his Disciplinary Report defendant Russ admitted using twenty two grams of chemical agent on Mr. Thompson who was in full restraints in a shower, for refusing to live at Camp-C and filing complaints against DeMars. Russ further alleges in the report that he gave Mr. Thompson a copy of the report but Thompson refused to sign his copy.

8. On April 11, 2019, Mr. Thompson appeared before the Disciplinary Board regarding the Disciplinary report authored by defendant Russ. Plaintiff motioned verbally for a twenty four hour delay in order to review a copy of the DB report and have time to prepare a defense. The chairperson of the board denied the motion and continued the hearing and found Mr. Thompson guilty as charged and sentenced him to (1) Quarters change from Camp-C; (2) Ten weeks loss of Yard privileges; (3) Restitution for the chemical agents sprayed on him, and (4) Eight weeks loss of Canteen privileges.

9. Mr. Thompson promptly appealed to the Warden of Louisiana State Penitentiary, and following denial of that appeal, an appeal was forwarded to the Secretary of the Department of Corrections. See DB Appeal #LSP-2019-0144.

V. **Relief**
State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits.

I. Plaintiff seeks preliminary injunction prohibiting erasure or destruction of all mounted and body camera footage from CBD Administrative segregation and Camp-C Tiger Unit lobby and tier where this incident transpired between the hours of 12:noon and 5:00 pm on April 09, 2019.
II. Further, Mr. Thompson claims judgment against the defendants and each of them jointly and severally in their official and personal capacity as follows:
   A. Compensatory damages in an amount this Court shall consider to be just, reasonable and fair;
   B. Punitive damages in an amount this Court shall consider to be just, reasonable and fair;
   C. All fees and costs of this action.
   D. Such other relief as this Court shall consider to be fair and equitable.

## VI. Plaintiff's Declaration

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any cost assessed by the Court, which, after payment of the partial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this 29th day of March, 2020

_Keith Thompson_
Signature of Plaintiff
Keith Thompson DPS&C# 109223
General Delivery 17544 Tunica Trace
Louisiana State Penitentiary
Angola, Louisiana 70712-9313