## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KEITH THOMPSON (#109223)**                               **CIVIL ACTION NO.**

**VERSUS**                                                             **20-185-BAJ-EWD**

**EDWARD RUSS, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 10, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

KEITH THOMPSON (#109223)  CIVIL ACTION NO.

VERSUS  20-185-BAJ-EWD

EDAWRD RUSS, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of Keith Thompson ("Thompson"), who is confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana and who is representing himself.[1] Based on the screening process for such complaints, it is recommended that Thompson's claims against all Defendants for violation of his due process rights arising from disciplinary proceedings against him and claims for monetary damages against all Defendants in their official capacities, be dismissed with prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A. It is further recommended that Thompson's claims for conspiracy, retaliation, and deliberate indifference, as well as his claims against T. Kelly for excessive force and failure to protect and claims against Shannon DeMars for excessive force be dismissed without prejudice, subject to Thompson's right to amend. It is further recommended that Thompson's request for preliminary injunctive relief be denied without prejudice and that this matter be referred to the undersigned for further proceedings on Thompson's remaining claims, *i.e.*, claims for monetary damages against Edward Russ in his individual capacity for excessive force and for screening of any amended complaint.

I. **BACKGROUND**

Thompson filed this suit in March 2020 against Edward Russ ("Russ"), Shannon DeMars ("DeMars"), and T. Kelly ("Kelly") (collectively "Defendants") under 42 U.S.C. § 1983 alleging

---

[1] R. Doc. 1.

that Defendants violated his First, Eighth, and Fourteenth Amendment rights by conspiring and retaliating against him, using excessive force, and acting with deliberate indifference.[2] Thompson requests monetary and injunctive relief.[3]

## II.  LAW & ANALYSIS

### A. Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[4] The statutes impose similar standards for dismissal and are intended to give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[2] *See* R. Doc. 1, pp. 4-6.
[3] R. Doc. 1, p. 6.
[4] §1915(e) provides for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"); §1915A provides for dismissal of lawsuits by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on April 1, 2020, so both statutes apply. R. Doc. 3.
[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

inference that the defendant is liable for the misconduct alleged."[7] All well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff.[8] While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[9] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[10] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[11] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[12]

### B. Thompson's Retaliation and Conspiracy Claims Should Be Dismissed Without Prejudice

Plaintiff alleges in a conclusory fashion that Defendants conspired to retaliate against him because Plaintiff "filed several complaints against Warden DeMars when he was administrator of Camp-C."[13] A plaintiff who asserts conspiracy claims under civil rights statutes, such as § 1983, must state the operative facts upon which his claim is based.[14] "Bald allegations that a conspiracy existed are insufficient."[15] Here, Thompson alleges that, after he repeatedly refused to enter the cell to which he had been assigned, Kelly and Russ, two subordinate officers, called DeMars for guidance and DeMars gave Kelly and Russ the order to use chemical agents if Thompson continued to refuse to enter the cell. Thompson goes on to allege, "[a]fter final refusal defendant

---

[7] *Id.*
[8] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[9] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[10] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[11] *Denton*, 504 U.S. at 33, citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[12] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[13] R. Doc. 1, p. 4.
[14] *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987).
[15] *Id.*

3

Russ sprayed twenty two grams of mace into the face and mouth of Mr. Thompson, while defendant Kelly recorded this on his body camera."[16]

While a plaintiff can maintain a claim under § 1983 that individuals conspired to violate his civil rights, Thompson has not alleged sufficient facts to establish the elements of such a claim. "Conclusory allegations that do not reference specific factual allegations tending to show an agreement do not suffice to state a civil rights conspiracy claim under § 1983."[17] And while "well-pleaded facts [must be accepted] as true and view[ed] in the light most favorable to the plaintiff, a complaint 'that offers labels and conclusions' or 'naked assertion[s] devoid of further factual enhancement' is not plausible for purposes of Rule 12(b)(6)."[18] Nor must this Court accept as true "unwarranted factual inferences."[19] As the Fifth Circuit explained, in order for Plaintiff "to establish [his] conspiracy claim, [he] must plead specific, nonconclusory facts that establish that there was an agreement among the defendants to violate his federal civil rights."[20] Thompson has not done that here. At most, Thompson admits that he was non-compliant, and that Defendants Kelly and Russ used chemical spray against Thompson on DeMars' order. Accordingly, Plaintiff's conspiracy claim is subject to dismissal.

Plaintiff's claim of retaliation fails for the same reason. Inmate retaliation claims are considered with skepticism by the courts, so federal courts do not find themselves involved in every adverse action that occurs in a prison.[21] To prevail on a claim of retaliation, a prisoner must establish (1) that he was exercising or attempting to exercise a specific constitutional right, (2) that the defendant intentionally retaliated against the prisoner for the exercise of that right, (3) that a

---

[16] R. Doc. 1, ¶¶ 1-3.
[17] *Montgomery v. Walton*, 759 Fed.Appx. 312, 314 (5th Cir. 2019).
[18] *Id.* at 314, citing *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).
[19] *Howard v. Dixie Dunavant Ins. Agency*, 227 Fed. Appx. 363, 365 (5th Cir. 2007), quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[20] *Montgomery*, 759 Fed. Appx. at 314.
[21] *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995).

4

sufficiently serious (greater than *de minimis*) adverse retaliatory action was taken against the prisoner by the defendant, and (4) that there was causation, *i.e.,* "but for" the retaliatory motive, the adverse action would not have occurred.[22]

The right Thompson exercised that allegedly subjected him to retaliatory action was his right of free speech, specifically, the right to file grievances.[23] Though Thompson has pointed to a specific constitutional right, his claims of retaliation still fail because he has not stated a retaliatory motive with respect to any Defendant. Thompson does not provide facts to establish any reason for Russ or Kelly to retaliate against him,[24] and the fact that Thompson filed "several complaints against Warden DeMars" at some point in time is not enough to state a chronology of events to indicate that but for the retaliatory motive the adverse action would not have occurred.[25] This is especially true where Thompson admits he was non-compliant. A plaintiff alleging retaliation must be able to show more than his "mere personal belief that he is the victim of retaliation."[26] Here, because Thompson has provided nothing but his personal belief that the incident regarding use of chemical agent was motivated by retaliatory intent, this claim also fails.

However, because Thompson is representing himself, it is recommended that his conspiracy and retaliation claims be dismissed without prejudice, and that he be given leave to amend. "Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."[27] "Granting leave to amend, however, is not required if the plaintiff has

---

[22] *Morris v. Powell,* 449 F.3d 682, 684 (5th Cir. 2006). *See also Hart v. Hairston,* 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger,* 188 F.3d 322, 324–25 (5th Cir. 1999).
[23] R. Doc. 1, p. 4.
[24] *See Carlisle v. Augustino*, 129 Fed.Appx. 105, 106 (5th Cir. 2005) (affirming dismissal as frivolous of retaliation claim where facts alleged failed to indicate that officers had motive to retaliate against the plaintiff because of the plaintiff's previous lawsuits against other prison officials).
[25] *See id.* (a prisoner must "establish that but for the retaliatory motive the disciplinary report would not have been filed.").
[26] *Id.*
[27] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed.Appx. 625, 627 (5th Cir. 2017) (internal quotation marks omitted).

5

already pleaded her best case."[28]  With regard to the conspiracy and retaliation claims, it is not clear whether Thompson has pleaded his "best case." Accordingly, dismissal of these claims should be without prejudice.

### C. Thompson's Claims Regarding His Disciplinary Proceeding are Subject to Dismissal with Prejudice

To the extent Thompson alleges that his due process rights were violated as a result of the denial of his motion requesting a continuance of the disciplinary board hearing or as a result of the disciplinary proceedings in general, this claim fails.[29]  The procedures for prison disciplinary proceedings do not implicate any constitutionally protected liberty interest unless the resulting punishment has subjected an inmate to an atypical and significant deprivation (evaluated in the context of prison life) in which the State might conceivably have created a liberty interest for the benefit of the inmate.[30]  Thompson was sentenced to a quarters change, loss of yard and canteen privileges, and ordered to pay restitution for the chemical agents used against him.[31]

A disciplinary sentence of a quarters change is, generally, not so atypical as to give rise to a procedural due process violation,[32] so Thompson's quarters change does not give rise to a liberty interest protected by the due process clause.[33]  Similarly, Thompson's punishment of a temporary revocation of yard and canteen privileges[34] and requirement to pay restitution are not atypical

---

[28] *Id.*
[29] R. Doc. 1, p. 6.
[30] *Sandin v. Conner*, 515 U.S. 472, 486 (1995).
[31] R. Doc. 1, p. 6.
[32] *Sandin*, 515 U.S. at 486.
[33] *Id. See also Triplett v. LeBlanc*, No. 13-243, 2015 WL 893057, at *5 (M.D. La. March 2, 2015); *Fisher v. Wilson*, 74 Fed.Appx. 301, 302 (5th Cir. 2003) (When a plaintiff fails to allege that placement in administrative segregation presented an atypical or significant hardship beyond the ordinary incidents of prison life, giving rise to a constitutionally protected liberty interest that would trigger due-process guarantees, he has failed to state a claim for violation of due process) and *Mendez v. Johnson*, No. 14-2507, 2014 WL 4782726, at *3 (S.D. Tex. Sep. 23, 2014) (same, citing *Sandin*, 515 U.S. 472).
[34] *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) ("commissary and cell restrictions as punishment are in fact merely changes in the conditions of his confinement and do not implicate due process concerns.").

punishments in the context of prison life.[35] Because Thompson cannot establish that any liberty interest was at stake in the prison disciplinary proceedings complained of, he has failed to state a claim upon which relief may be granted, and this claim is subject to dismissal with prejudice.

### D. Thompson Has Stated a Claim for Excessive Force and Deliberate Indifference with the Following Noted Exceptions

#### i. Excessive Force

Because Thompson has failed to sufficiently allege a conspiracy, his excessive force claim is only potentially viable against Russ and DeMars as, based on the allegations of the Complaint, Kelly did not participate in, or order, the spraying of chemical agents. Because Kelly wholly failed to participate in the use of excessive force, any allegations of excessive force directed at Kelly are not discussed further. However, because it is recommended that Thompson be given an opportunity to correct the deficiencies of his conspiracy and retaliation claims, it is further recommended that Thompson have the same opportunity as it relates to this claim. Accordingly, it is recommended that the excessive force claim against Kelly be dismissed without prejudice subject to Thompson's right to amend, if possible.[36]

Regarding Thompson's excessive force claims against Russ and DeMars, corrections officers are faced with myriad situations where they must exercise discretion, including situations where they must choose whether to exercise force against a prisoner. When force is used, a corrections officer must also exercise discretion to determine the appropriate amount of force.[37] Force is considered excessive in violation of the Eighth Amendment of the United States Constitution if it is applied maliciously and sadistically for the purpose of causing harm rather than

---

[35] *Williams v. Vannoy*, No. 19-2, 2020 WL 1539754, at *3 (M.D. La. Feb. 20, 2020), *report and recommendation adopted, Williams v. Vannoy*, No. 19-2, 2020 WL 1536594 (M.D. La. March 31, 2020).
[36] To the extent Thompson intends to claim that Kelly failed to intervene in the chemical spray incident, Thompson may attempt to allege facts to support such a claim if he elects to file an amended complaint.
[37] *See, e.g., Henry v. North Texas State Hospital*, No. 12-198, at *3, 2013 WL 3870292 (N.D. Tex. July 9, 2013) ("Qualified immunity is available to public officials such as prison guards and state hospital employees who must exercise discretion.").

7

in a good faith effort to maintain or restore discipline.[38] "An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."[39] The Eighth Amendment's prohibition against cruel and unusual punishment, however, necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not "repugnant to the conscience of mankind."[40] Factors to be considered in determining whether an alleged use of force is excessive include the extent of injury sustained, if any; the need for the application of force; the relationship between the need for force and the amount of force utilized; the threat reasonably perceived by prison officials; and any efforts made to temper the severity of a forceful response.[41]

Thompson alleges that he suffered a severe asthmatic episode that required a seven-day stay in the hospital ward for monitoring due to "difficulties" and "abnormal breathing" because of the chemical spray incident.[42] Though he acknowledges that he was refusing to obey direct verbal orders, nothing in the Complaint suggests that Thompson was posing a direct threat to the officers or to any other individuals within the prison.[43] However, because Thompson was admittedly non-compliant, the core inquiry here is whether the amount of force used went beyond the force needed to restore order.[44] Considering the fact intensive nature of this inquiry, Thompson's excessive force claim against Russ should survive screening.[45]

---

[38] *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010), quoting *Hudson v. McMillian,* 503 U.S. 1, 7 (1992).
[39] *Wilkins*, 559 U.S. at 38.
[40] *Hudson*, 503 U.S. at 10.
[41] *Id.*, at 7.
[42] R. Doc. 1, p. 5.
[43] R. Doc. 1, pp. 4-6.
[44] *See Morris v. Melendrez*, No. 15-128, 2017 WL 1103003 (N.D. Tex. March 3, 2017) (noting that in cases where some force is necessitated by the plaintiff's own actions, "the Court must examine the amount of force used to determine if this force went beyond the force needed to restore order.").
[45] Reading the Complaint liberally, Thompson indicates more force was used than was necessary considering that he "was in full restraining gear; (shackled feet & waist chains attached to hand-cuffs) and secured in a shower that have [sic] bars like a cell." R. Doc. 1, p. 4. *See Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009) ("Excessive force claims are necessarily fact-intensive; whether the force used is 'excessive' or 'unreasonable' depends on 'the facts and circumstances of each particular case.'").

However, regarding DeMars, Thompson does not state a claim at this time. "Use of a chemical agent in limited quantities to gain compliance is considered an appropriate response where an inmate refuses to obey repeated orders."[46] The Complaint indicates that DeMars gave the order to use chemical agents on Thompson if Thompson continued to be noncompliant, which is not an impermissible use of force.[47] Accordingly, Thompson's claims against DeMars for excessive force should be dismissed without prejudice, subject to Thompson's right to amend. In any amendment, Thompson must state facts, if any, to show that DeMars ordered the use of *excessive* force.[48]

### ii. Deliberate Indifference

Considering that Thompson is an asthmatic and the degree to which he allegedly suffered from the chemical spray because of his asthma, it may be possible to state a deliberate indifference claim related to the chemical spray incident. However, this claim is subject to dismissal because Thompson has failed to state facts to show that any Defendant knew Thompson had asthma prior to the use of chemical agents against him. A prison official acts with deliberate indifference when he is both aware of facts from which an inference may be drawn that a substantial risk of serious harm exists to an inmate, and when the official in fact draws that inference.[49] There are no facts presented at this time to demonstrate knowledge. DeMars authorized the use of chemical agent against Thompson, and Russ actually employed the chemical agent against him. Thus, to the extent either of these individuals knew Thompson was an asthmatic and/or particularly susceptible to

---

[46] *Kitt v. Bailey*, No. 14-0368, 2015 WL 3909116, at *6 (S.D. Tex. June 24, 2015), *aff'd*, 676 Fed.Appx. 350 (5th Cir. 2017).

[47] Based upon the Complaint, DeMars only ordered use of the chemical agents—the facts of the Complaint do not indicate that he ordered the chemical agents to be used in excess or maliciously. R. Doc. 1, p. 5.

[48] If a supervisor orders a use of force to be carried out maliciously and sadistically, he can be held liable. *Gonzalez v. Gordy*, No. 18-220, 2020 WL 5413387, at *6 (S.D. Tex. June 11, 2020) ("A supervisor who orders the use of force can be held liable in an excessive force case when there exists a causal connection between the supervisor's actions and the actions of the subordinates which cause the injury.").

[49] *Farmer v. Brennan*, 511 U.S. 825 (1994).

9

health impacts from a chemical agent exposure, he may be able to state a claim for deliberate indifference; however, because Thompson has not provided sufficient facts at this juncture to state a claim of deliberate indifference against DeMars or Russ, this claim should be dismissed without prejudice. Thompson should be given leave to amend to provide facts, if any, that show DeMars and/or Russ knew Thompson was an asthmatic and/or particularly susceptible to health impacts from a chemical agent exposure. Conclusory statements will not suffice.[50]

The facts further suggest a failure to protect claim against Kelly, which claim is analyzed using this same standard of deliberate indifference.[51] For the same reasons this claim should also be dismissed without prejudice subject to Thompson's right to amend. Any amended complaint should explain which Defendants, if any, knew Thompson had asthma, and if he alleges any Defendant knew, Thompson should state the facts demonstrating how that Defendant had knowledge. Accordingly, Thompson's claims for deliberate indifference against DeMars and Russ, as well as his deliberate indifference claim arising from a failure to protect against Kelly, should be dismissed without prejudice.

### E. Thompson's Official Capacity Claims for Monetary Damages are Subject to Dismissal

Thompson specifically seeks monetary damages against Defendants in their official and individual capacities.[52] His claim against Defendants in their official capacities for monetary damages, does not state a claim as a matter of law. 42 U.S.C. § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, because these officials are not seen to be "persons" within the meaning of

---

[50] Thompson cannot simply state DeMars and Russ had this knowledge. Rather, he must provide facts to show how DeMars and/or Russ knew.
[51] *See Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1397 (5th Cir. 1995) (deliberate indifference is the proper standard to apply for failure to protect claims).
[52] R. Doc. 1, p. 6.

10

§ 1983.[53] In *Hafer v. Melo*,[54] the United States Supreme Court explained the difference between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is, therefore, barred by the Eleventh Amendment.[55] Accordingly, any § 1983 claims asserted by Plaintiff against Defendants in their official capacities for monetary damages are subject to dismissal.[56]

### F. Thompson's Claim for Preliminary Injunctive Relief Should be Denied Without Prejudice

Thompson requests preliminary injunctive relief "prohibiting erasure or destruction of all mounted and body camera footage from CBD Administrative segregation and Camp-C Tiger Unit lobby and tier where this incident transpired…on April 09, 2019." "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right."[57] The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court.[58]

To obtain injunctive relief, the burden of persuasion remains with Thompson to establish each of the following four elements: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest.[59] If a plaintiff fails to meet his burden regarding any of the necessary elements, the court need not address the other elements necessary for granting

---

[53] *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).
[54] 502 U.S. 21 (1991).
[55] *Hafer,* 502 U.S. at 25.
[56] *See Landry v. Lollis*, No. 19-520, 2019 WL 5777755, at *2 (M.D. La. Oct. 8, 2019), *report and recommendation adopted*, No. 19-520, 2019 WL 5777388 (M.D. La. Nov. 5, 2019).
[57] *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). *See also Allied Mktg. Grp., Inc. v. CDL Mktg., Inc*., 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power & Light Co. v. United Gas Pipe Line Co*., 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule").
[58] *See Allied Mktg. Grp., Inc*., 878 F.2d at 809.
[59] See *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008).

a preliminary injunction.[60] Because Thompson's Complaint does not contain any specific facts or allegations that show Defendants have attempted, or will attempt, to destroy camera footage such that it would not be available in discovery, he has failed to demonstrate that "immediate and irreparable injury, loss, or damage will result" if his request for injunctive relief is not granted.[61] Accordingly, the request for preliminary injunctive relief requested in the Complaint should be denied.

### G. The Court Should Decline the Exercise of Supplemental Jurisdiction Over Plaintiff's Potential State Law Claims

To the extent that Plaintiff's allegations may invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[62] In this case, because analysis of any state law claims, likely rooted in negligence, would wholly diverge from the analyses required Thompson's constitutional claims, it is further recommended that the exercise of supplemental jurisdiction over any state law claims be declined.

---

[60] *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

[61] *Solomon v. Henry Ford Allegiance Health Sys.,* No. 20-10458, 2020 WL 1270782, at *4 (E.D. Mich. Mar. 17, 2020), *reconsideration denied,* No. 20-10458, 2020 WL 3481648 (E.D. Mich. June 26, 2020) (denying request for preliminary injunctive relief where complaint and motion did not contain specific facts indicated defendants may destroy security camera footage). *See also Rivera v. Frakes*, No. 16-3180, 2017 WL 1450584, at *4 (D. Neb. Apr. 24, 2017) (denying prisoner's request for an injunction to prevent defendants from destroying video evidence); *Rosa v. Morvant*, No. 06-52, 2007 WL 120808, at *2 (E.D. Tex. 2007) (denying preliminary injunction motion by prisoner to prohibit destruction of medical records by prison officials where plaintiff failed to show defendants were likely to destroy evidence); *S.E.C. v. Nadel*, No. 90-6401, 1991 WL 427892, at *2 (S.D. Fla. 1991) (denying plaintiff's motion to enjoin defendants from destroying evidence because defendants had a general duty to preserve evidence and plaintiff did not bring forth any evidence suggesting defendants were likely to destroy evidence).

[62] 28 U.S.C. § 1367.

## RECOMMENDATION

**IT IS RECOMMENDED** that the exercise of supplemental jurisdiction be declined and that the claims of Plaintiff Keith Thompson for due process arising from the disciplinary proceedings against him, as well as for monetary damages against Defendants in their official capacities, be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e) and 1915A as legally frivolous and for failure to state a claim upon which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Thompson's claims for retaliation, conspiracy, and deliberate indifference, as well as his potential claims against T. Kelly for failure to protect and excessive force and against Shannon DeMars for excessive force be **DISMISSED WITHOUT PREJUDICE** to Thompson's right to file within twenty-one (21) days of the adoption of this Report and Recommendation, an amended complaint that cures, if and where possible, the deficiencies with respect to these claims as explained in this Report. In the event Thompson fails to adequately amend his Complaint within the timeframe provided, it is recommended that these claims also be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiff's request for preliminary injunctive relief be **DENIED WITHOUT PREJUDICE** and that this matter be referred to the magistrate judge on Thompson's remaining claims (*i.e.*, Plaintiff's claims for monetary damages against Russ for excessive force), and for screening of any amended complaint.

Signed in Baton Rouge, Louisiana, on June 10, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**